**DIAL–A–MATTRESS OPERATING CORP., Plaintiff,**

v.

**MATTRESS MADNESS, INC., 2765 Bedding Corp. and/or 2765 Bedding Corp. d/b/a Mattress Madness, 1947 Bedding Corp., Dial–A–Mattress Inc., a New York Corporation, Mark Graber, Craig Graber, and Richard Graber, Defendants.**

**No. 92–CV–3670 (TCP).**

United States District Court, E.D. New York.

April 5, 1994.

Robert S. Fink, Kathryn Kenneally, Kostelanetz, Ritholz, Tigue & Fink, New York City, for plaintiff.

Mitchell A. Stein, Steven M. Hoffberg, Stein & Hoffberg, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendants have moved for reconsideration of this Court's grant of a preliminary injunction against defendants' use of the name Dial–A–Mattress in commerce or, in the alternative, a stay of that Order pending an appeal to the United States Court of Appeals for the Second Circuit. *Dial–A–Mattress Operating Corp. v. Mattress Madness, Inc.*, 841 F.Supp. 1339 (E.D.N.Y.1994). Defendants claim that this Court insufficiently addressed the relative interests of the various defendants in the Dial–A–Mattress trade name and service mark and that we failed to consider adequately the effect of prior assignments and/or licenses of the right to use the name between one or more of the defendants. These arguments are without merit and defendants' motions must be denied.

 In our prior Memorandum and Opinion, this Court did not expound upon the relative ownership interests of the various defendants at the time the parties contracted to sell the corporate name Dial–A–Mattress, Inc. simply because their interests, if any, are immaterial. Defendants contend that any transfer of rights in the Dial–A–Mattress name by way of the August 1989 contract of sale could only transfer rights held by Dial–A–Mattress, Incorporated, which rights were subject to concurrent rights in the Dial–A–Mattress mark held by other entities. This contention is wholly without merit. First, any license to use the Dial–A–Mattress mark held by other entities is terminable-at-will by the licensor. *Conagra v. Singleton*, 743 F.2d 1508, 1516 (11th Cir.1984).[1] Since this Court found that the plaintiff succeeded to the ownership of the name and service mark Dial–A–Mattress, plaintiff similarly succeeded to the right to terminate the licenses. *See Johanna Farms, Inc. v. Citrus Bowl, Inc.*, 468 F.Supp.

1. Defendants contend that one or more defendants had a license to use the Dial–A–Mattress mark in 1989 either by implied acquiescence or by virtue of an oral agreement. An agreement conferring a license to use a trademark for an indefinite time, whether oral, written or by implication, is terminable-at-will by the licensor. Arthur L. Corbin, *Corbin on Contracts* § 96, at 413. *See Robert B. Vance & Assoc. v. Baronet Corp.*,

487 F.Supp. 790, 799 (N.D.Ga.1979). Although such termination may require reasonable advance notice, *Italian & French Wine Co. v. Negociants U.S.A., Inc.*, 842 F.Supp. 693, 699 (W.D.N.Y.1993), there can be no dispute that defendants were given ample notice to cease using the Dial–A–Mattress mark prior to the commencement of the present suit. *Dial–A–Mattress*, 841 F.Supp. at 1357.

**20**

866, 874 (E.D.N.Y.1978). Moreover, defendants' argument fails on its face since no entity presently in business was in existence at the time the contract was entered into in 1989. Thus, even if plaintiff's rights in the Dial–A–Mattress name were subject to the pre-existing rights in 1989, those rights, whether existing by license, assignment or otherwise, were extinguished when the corporations went out of business without transferring their assets and liabilities to a successor entity. *Dial–A–Mattress*, 841 F.Supp. at 1351.

 Furthermore, this Court would not hesitate to bind all of the defendants to the terms of the agreement entered into by Marc Graber purportedly as president of Dial–A–Mattress, Incorporated. Defendants contend that there is insufficient evidence in the present record to justify piercing the corporate veil so as to bind Graber to the contract in his individual rather than his corporate capacity. However, one need look no further than the very checks Graber received in payment of the monies due under the contract to hold that he and the other corporate defendants are all personally bound to the terms of the contract. In addition to a substantial cash payment, Graber received a total of nine checks in payment of the amount due under the contract. *None* of these checks are payable to the alleged contracting party Dial–A–Mattress, Incorporated. Instead, all are payable to "Marc Graber/1947 Bedding Corporation." Moreover, the checks are indorsed by Marc Graber and/or one or more of the corporations he was doing business under at the time: 1947 Bedding and Mattress Madness. Thus, all of the defendant entities in business at the time of the 1989 transaction—Graber, Dial–A–Mattress, Inc., 1947 Bedding Corp., and Mattress Madness, Inc.—were either parties to the contract or shared in the proceeds of the transaction. In light of this Court's prior ruling that the defendants' effort to avoid the contract is tantamount to fraud upon plaintiff, we find no difficulty in holding all of the defendants to be bound by the terms of the contract as interpreted in this Court's prior decision.

The remainder of defendants' exceptions to this Court's preliminary injunction Order were raised and rejected in our prior opinion and are without merit. Accordingly, defendants' motion for reconsideration and defendants' motion for a stay pending appeal are hereby denied.

SO ORDERED.